IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROOSEVELT PHILLIPS, JR.**     **PETITIONER**

V.     NO. 4:22-CV-8-DMB-JMV

**STATE OF MISSISSIPPI**     **RESPONDENT**

**ORDER**

On February 16, 2023, the Court entered an "Opinion and Order" denying Roosevelt Phillips, Jr.'s petition for a writ of habeas corpus because "the claims raised in [his] petition [were] either procedurally barred or without merit." Doc. #16 at 1. Specifically, the Court found (1) Phillips' claim for prosecutorial misconduct was procedurally barred because he procedurally defaulted on the claim by failing to raise it until his second state court motion for post-conviction relief and he did not "identify any external action that prevented him from" raising it earlier, demonstrate "actual prejudice as a result of the imposition of the procedural bar," or present new evidence showing his actual innocence; (2) the challenged in-court identification did not trigger the *Neil v. Biggers*[1] analysis because there was no improper law enforcement conduct involved; and (3) Phillips did not carry his burden of showing the verdict against him was objectively unreasonable. *Id.* at 6, 11, 14. The Court also denied a certificate of appealability based on the criteria announced in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Id.* at 14–15. The Court entered a final judgment the same day. Doc. #17. Phillips subsequently filed a notice of appeal. Doc. #20.

On or about March 1, 2023, Phillips filed an "Application for Certificate of Appealability." Doc. #22. In the application, Phillips presents similar arguments to those in his

---

[1] 409 U.S. 188 (1972).

habeas petition and does not present anything more than conclusory arguments that he is entitled to relief. Thus, for the reasons stated in the Court's February 16 ruling, the motion for a certificate of appealability [22] is **DENIED**.[2]

    **SO ORDERED**, this 9th day of March, 2023.

                                          /s/Debra M. Brown
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] Phillips may, however, request a certificate of appealability directly from the Fifth Circuit. *See* Fed. R. App. P. 22(b).